CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
OCT 1 2 2005
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| VERNON J. COOK, <br> VIKKI RAMEY-COOK, <br> Plaintiffs, <br><br> v. <br><br> AAMES FUNDING CORP., et al., <br> Defendants. | Civil Action No. 7:03CV00686 <br><br> **MEMORANDUM OPINION AN ORDER** <br><br> By: Samuel G. Wilson <br> United States District Judge |

This matter is before the court on the plaintiffs' Federal Rule of Civil Procedure 60(b)(3) motion for relief from a September 1, 2004, stipulation of dismissal disposing of plaintiffs' Truth in Lending Act (TILA), 15 U.S.C. § 1601, et seq., suit. Plaintiffs Vernon J. Cook and Vickki Ramey-Cook ("the Cooks") claim that an anonymous source recently sent them loan documents suggesting that Aames Funding Corporation (Aames) fraudulently induced the Cooks to dismiss their suit by presenting them with misdated loan documents during settlement negotiations. Peggy Vance, a compliance officer with Aames, has filed an affidavit claiming that computer records suggest that the loan documents recently sent to the Cooks were not prepared by Aames.

The court conducted a hearing on the motion on September 9, 2005, at which time the Cooks requested discovery. Because the Cooks offered no evidence to counter Vance's affidavit and forecasted no specific evidence capable of validating or authenticating their proffered loan documents or otherwise demonstrating that Aames committed fraud, the court informed them that it would allow discovery only if the Cooks posted a bond within seven days to cover the defendants' costs and fees. That seven-day period has lapsed, and the Cooks have not posted the required bond. Accordingly, the court denies their request for discovery and is compelled by the

record before it to deny the Cooks' motion.

To prevail under Rule 60(b)(3), the moving party "must have a meritorious defense," "must prove misconduct by clear and convincing evidence," and must show that "the misconduct prevented [him] from fully presenting [his] case." Schultz v. Butcher, 24 F.3d 626, 630 (4th Cir. 1994). The court finds that the Cooks have not shown misconduct by clear and convincing evidence. The mere existence of the proffered loan documents, without more, does not entitle the Cooks to relief under Federal Rule of Civil Procedure 60(b)(3), and the anonymity of the source disclosing the document limits the ability of the Cooks to establish the legitimacy and previous custody of the document. Moreover, the unrebutted affidavit of Peggy Vance supports Aames' claim that the allegedly newly discovered loan documents did not originate with Aames and, therefore, are not authentic. Thus, the Cooks have not proven by clear and convincing evidence that Aames engaged in the sort of misconduct which would entitle the Cooks to relief under Rule 60(b)(3). Accordingly, it is hereby **ORDERED** and **ADJUDGED** that the Cooks' motion for relief is **DENIED**.

ENTER: This 12M day of October, 2005.

UNITED STATES DISTRICT JUDGE